1

2

3

4                   IN THE UNITED STATES DISTRICT COURT

5                       FOR THE DISTRICT OF ARIZONA

6

7   Jose Gutierrez, Jr.,                    )   No. CV-05-1670-PHX-SRB (JCG)
                                            )
8             Plaintiff,                     )   **REPORT AND RECOMMENDATION**
                                            )
9   vs.                                      )
                                            )
10                                           )
    Maricopa County Board of Supervisors, et)
11  al.,                                     )
                                            )
12            Defendants.                    )
                                            )
13  _____

14      Plaintiff Jose Gutierrez, Jr. was confined in the Maricopa County Lower Buckeye Jail in

15  Phoenix, Arizona, when he filed with the Clerk of the Court on June 3, 2005, a *pro se* Civil

16  Rights Complaint (Doc. No. 1) pursuant to 42 U.S.C. § 1983.[1]  Plaintiff has been authorized

17  to proceed *In Forma Pauperis,* and the Court has directed monthly payments to be made

18  from his prison account.

19      On February 27, 2006, the Court entered an order directing the Clerk of the Court to

20  mail a service packet to the Plaintiff, due for return to the Court on March 20, 2006  (Doc.

21  No. 4).  The docket indicates that the Clerk of Court mailed the order and service packet

22  accordingly.   On March 6, 2006, the mail was returned to the Clerk of the Court with

23  notations indicating "Released 6/2" (Doc. No. 6).  The docket indicates that the Clerk of the

24  Court researched Plaintiff's address and forwarded the service packet to him at an address

25

26      [1] According to the Court's docket, mail sent to Green on March 6, 2006 was returned
27  because Green had been released from prison (Doc. No. 5).

28
                                        - 1 -

1  provided in his complaint.

2        Plaintiff has failed to return a completed service packet, to obtain waiver of service

3  or to complete service of the Summons and Complaint on Defendants in this case.  The order

4  that was mailed to Plaintiff along with the service packet notified Plaintiff that failure to

5  comply with every provision of the order would result in dismissal pursuant to Rule 41(b)

6  of the Federal Rules of Civil Procedure.  (Doc. No. 4).  The order contained provisions that

7  required Plaintiff to return the service packet within 20 days of the date of filing of the order.

8  Plaintiff was also notified that if he failed to comply with the order, the United States

9  Marshal would not provide service of process.  Plaintiff was further notified within the order

10  that he must complete service of the Summons and Complaint on the Defendants within 120

11  days of the filing date of the complaint or within 60 days of the filing of the order, whichever

12  was later.  The order notified Plaintiff that failure to comply with either provision would

13  result in dismissal of his case.  More than 120 days have passed since Plaintiff filed his

14  complaint, and more than 60 days have passed since the Court issued its order, and to date

15  service has not been completed.  Plaintiff's failure to complete service of the Summons and

16  Complaint on the Defendants within 120 days of the filing date of the complaint or within

17  60 days of the filing of the order constitutes failure to prosecute.

18        A federal district court has the inherent power to dismiss a case *sua sponte* for failure

19  to prosecute.  *Link v. Wabash Railroad Co.*, 370 U.S. 626, 629-31 (1962).  In appropriate

20  circumstances, the Court may dismiss a complaint for failure to prosecute even without

21  notice or hearing.  *Id*. at 633. In determining whether Plaintiff's failure to prosecute warrants

22  dismissal of the case, the Court must weigh the following five factors: "(1) the public's

23  interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3)

24  the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on

25  their merits; and (5) the availability of less drastic sanctions." *Carey v. King*, 856 F.2d 1439,

26  1440 (9th Cir. 1988) (quoting *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986)).

27  "The first two of these factors favor the imposition of sanctions in most cases, while the

28  fourth factor cuts against a default or dismissal sanction.  Thus the key factors are prejudice

1  and availability of lesser sanctions." *Wanderer v. Johnson*, 910 F.2d 652, 656 (9th Cir.

2  1990).

3        Here, the first, second, and third factors favor dismissal of this case.  Plaintiff's

4  failure to actively participate in this case or serve Defendants prevents the case from

5  proceeding in the foreseeable future.  The fourth factor, as always, weighs against dismissal.

6  The fifth factor requires the Court to consider whether a less drastic alternative is available.

7        The Court finds that only one less drastic sanction is realistically available.  Rule

8  41(b) provides that a dismissal for failure to prosecute operates as an adjudication upon the

9  merits "[u]nless the court in its order for dismissal otherwise specifies."  In the instant case,

10  a dismissal with prejudice would be unnecessarily harsh as the Complaint and this action can

11  be dismissed without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil

12  Procedure.

13  **RECOMMENDATION**

14        Based on the foregoing and pursuant to 28 U.S.C. § 636(b) and Local Rule 1.17(d)(2),

15  Rules of Practice of the United States District Court, District of Arizona, the Magistrate

16  Judge recommends that Plaintiff's Complaint (Doc. No. 1) and this action be DISMISSED

17  WITHOUT PREJUDICE pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for

18  failure to prosecute.

19        Pursuant to 28 U.S.C. §636(b), any party may serve and file written objections within

20  10 days after being served with a copy of this Report and Recommendation.  If objections

21  are not timely filed, they may be deemed waived. The parties are advised that any objections

22  filed are to be identified with the following case number: CV-05-1670-PHX-SRB**.**

23        DATED this 4th day of May, 2006.

24

25

26

27                                  Jennifer C. Guerin
                               United States Magistrate Judge

28

- 3 -